IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VALARIE KEARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV178 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of a final decision of the Acting Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied the plaintiff, Valarie Kearney's ("plaintiff" or "Kearney") request for disability insurance benefits and supplemental security income. After careful review of the briefs, the record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

**BACKGROUND**

On June 15, 2012, plaintiff applied for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*; 42 U.S.C. §§ 1381 *et seq.* (Filing No. 14 at 1). Her "applications were denied at the initial and reconsideration levels on July 12, 2012 and September 25, 2012, respectively." (*Id.*) (internal citations

omitted).  Kearney was provided a hearing in front of an Administrative Law Judge ("ALJ") on February 5, 2014 (*Id.*).  "The ALJ ruled on April 14, 2014 that the [p]laintiff was not entitled to benefits under Title II or Title XVI of the [Social Security] Act."  (*Id.*) (internal citations omitted).  Following the ALJ's denial, Kearney sought review from the Appeals Council, but was again denied relief on March 24, 2015 (*Id.*) (internal citation omitted).  Thus, "the ALJ's decision stands as the final decision of the Commissioner . . . ."  (*Id.*)

In accordance with 42 U.S.C. § 405(g), plaintiff filed the instant action on May 22, 2015, seeking judicial review of the final administrative decision of the Commissioner (Filing No. 1).  Kearney alleges four assignments of error on the part of the ALJ support her request that the "case be remanded for an award of benefits . . . [or,] [i]n the alternative, [that] th[e] case be remanded for a new hearing and decision."  (Filing No. 14 at 18).  *See also id.* at 6-7 (listing specific issues of the case).  According to Kearney, the ALJ:  (1) "failed to fully evaluate and explain the weight given to the medical opinion evidence in the record;" (2) based his decision "on a deficient analysis of [plaintiff's] residual function capacity;" (3) based his decision "on a deficient and faulty credibility analysis;" and (4) "failed in his duty to fully develop the record."  (*Id.* at 7-17).

-2-

**STANDARD OF REVIEW**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) (internal marks and cites omitted). "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as a well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (internal citation omitted). If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a different outcome." *Hutsell*, 259 F.3d at 711. In other words, "[a]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)(citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1993) (additional citations omitted)).

**CONCLUSION**

　　　　The Court has reviewed the medical records, the briefs of the parties, and the findings of the ALJ.  The Court has likewise reviewed all of plaintiff's arguments that the ALJ erred in his analysis and ultimate conclusion.  The Court finds that the ALJ's analysis and conclusion are supported by substantial evidence.  The Court will thus not disturb the ALJ's conclusion.  Accordingly, because the decision is supported by substantial evidence, this Court will affirm the decision.  A separate order will be issued in accordance with this memorandum opinion.

　　　　DATED this 22nd day of November, 2016.

　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　/s/ Lyle E. Strom
　　　　　　　　　　　_____
　　　　　　　　　　　LYLE E. STROM, Senior Judge
　　　　　　　　　　　United States District Court